# Thompson *v.* Klein.

### *Interrupting Lease.*

( Decided April 4, 1912. Rehearing denied May 4, 1912.
58 South 670.)

1. *Landlord and Tenant; Disturbing Possession; Pleading; Issue; Variance.*—Where the action was for disturbing possession of the tenant, and the complaint alleged his possession under an unexpired written lease containing a covenant for quiet possession, and it was found that he was a tenant at will, the tenant was not entitled to recover on account of the variance.

2. *Appeal and Error; Harmless Error; Reasons of Judgment.*—Where the plaintiff was not entitled to recover because of a variance between the pleading and the proof, the fact that the court assigned erroneous reasons for its conclusions was harmless.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Joseph Thompson against Leo Klein for damages for disturbing his possession as tenant. Judgment for defendant and plaintiff appeals. Affirmed.

W. T. SEIBELS, and ARRINGTON & HOUGHTON, for appellant. The plaintiff became the tenant of the defendant until the happening of a future contingent event, and that event had not occurred when the defendant evicted and damaged the plaintiff, and hence the plain-

[Thompson v. Klein.]

tiff was entitled to recover.—*Eubanks v. May & Thomas Hdw. Co.,* 105 Ala. 629; 122 Ind. 3; 21 Mo. App. 544; 110 Ill. 65; 15 Wend. 665; 30 N. W. 104; 6 Lansing 180. In its opinion, the court followed the common law rule. —24 Cyc. 1385; 18 A. & E. Enc. of Law, 186. But a tenancy at will, to be terminated requires notice.—Section 4732, Code 1907; *Bush v. Fuller,* 55 South. 1000; Tiedman on Real Prop. Sec. 215. Parties may agree as to the right of notice.—19 Cyc. 327.

STEINER, CRUM & WEIL, for appellee. Under the contract proven, neither party was bound, as it was too uncertain and indefinite.—*Crommelin v. Theis,* 31 Ala. 412; *Gans v. Tyson,* 54 South. 238; 24 Cyc. 1037; 1 A. & E. Enc. of Law, 184; 1 Taylor Landlord & Tenant, 101-111. On these authorities, it must be held that the court properly rendered judgment for the defendant. However incorrect the reasons may be, the conclusion was proper, and the reasons assigned, harmless.—*Bienville W. Sup. Co. v. City of Mobile,* 125 Ala. 178.

WALKER, P. J.—In each of the counts of the complaint upon which the plaintiff (the appellant here) went to trial before the court sitting without a jury his relation to the premises, his possession of which was charged to have been disturbed, was shown to be that of a tenant in possession under an unexpired written lease containing a covenant for quiet possession, and the alleged disturbance was complained of as the cause of his losing the value of his lease. The court's finding was that the plaintiff was a tenant at will of the defendant, and it is not questioned that this finding was supported by evidence. From this finding the legal conclusion follows that the plaintiff was not entitled to recover, as his complaint could not be sustained by a state of facts materially variant from its averments.

The circumstance that the court, in reaching the same result, was influenced by legal considerations the soundness of which may be questioned, does not constitute a ground for disturbing a judgment which, under the pleadings in the case, properly followed from the facts as found. If the court was in error in the reasons it assigned in support of its conclusion that the plaintiff was not entitled to recover, it was error without injury to him.

Affirmed.